IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STANLEY DYE, JR.,

      Petitioner,

v.                                CRIMINAL NO. 1:14CR11
                                     CIVIL NO. 1:16CV239
                                         (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER DENYING
## PETITIONER'S MOTION TO ALTER OR AMEND A JUDGMENT [DKT. NO. 26]

Pending before the Court is a motion to alter or amend a judgment filed by the pro se petitioner, Stanley Dye, Jr. ("Dye"), who requests that the Court reopen his § 2255 proceeding (Dkt. No. 26). For the reasons that follow, the Court **DENIES** Dye's motion.

## I. BACKGROUND

In February 2014, Dye pleaded guilty to one count of aiding and abetting possession with intent to distribute oxycodone, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Case No. 1:14CR11-4, Dkt. Nos. 35, 37, 38). Based on this conviction and two prior Michigan convictions for posession with intent to deliver a controlled substance, the Court concluded that Dye was subject to a "career offender" enhancement under United States Sentencing Guideline § 4B1.1(a) and sentenced him to 151 months of incarceration followed by three years of supervised release (Id., Dkt. Nos. 147, 150). Dye appealed his conviction but the Fourth Circuit Court of Appeals later dismissed it because it was barred by his plea agreement. (Id., Dkt. NO. 166).

**MEMORANDUM OPINION AND ORDER DENYING**
**PETITIONER'S MOTION TO ALTER OR AMEND A JUDGMENT [DKT. NO. 26]**

Dye moved to vacate his conviction pursuant to 28 U.S.C. § 2255 (Dkt. No. 1). After the Government moved to dismiss his motion, Dye moved for leave to amend (Dkt. Nos. 11, 13). On February 25, 2020, the Court denied Dye's § 2255 motion and denied as moot his motion for leave to amend (Dkt. No. 23). On March 31, 2020, Dye moved the Court to alter or amend its dismissal of his § 2255 case, alleging that the Court had not adequately considered his motion for leave to amend in light of his claim of actual innocence (Dkt. No. 26).

## II. <u>ANALYSIS</u>

Pursuant to Federal Rule of Civil Procedure 59(e), Dye seeks the alteration or amendment of the Court's judgment dismissing his 2255 with prejudice and denying his motion for leave to amend as moot. Rule 59 of the Federal Rules of Civil Procedure permits an aggrieved party to file a motion to alter or amend a judgment within twenty-eight days of the judgment's entry.

Courts have recognized three grounds for amending an earlier judgment, including: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. <u>Pacific Ins. Co. v. American Nat. Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Ci. 1998); <u>Hutchinson v. Staton</u>, 994 F.2d 1076,

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S MOTION TO ALTER OR AMEND A JUDGMENT [DKT. NO. 26]**

1081 (4th Cir. 1993). Critically, a motion to reconsider is inappropriate where the moving party simply seeks to have the Court rethink what it "ha[s] already thought through – rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983). Additionally, a Rule 59(e) motion "is not intended to allow for reargument of the very issues that the court has previously decided." <u>DeLong v. Thompson</u>, 790 F.Supp. 594, 618 (E.D. Va. 1991), <u>aff'd</u>, 985 F.2d 553 (4th Cir. 1993) (unpublished).

Contrary to Dye's motion, any intervening change in controlling law operates to his detriment and, indeed, underscores that the Court was correct in finding Dye to be a career offender. In his motion, Dye argues that, pursuant to <u>United States v. Havis</u>, 927 F.3d 382 (6th Cir. 2019), his prior marijuana conviction under Michigan Compiled Laws § 333.7401 did not qualify as a "controlled substance offense." However, the Sixth Circuit rejected this argument in <u>United States v. Thomas</u>, 969 F.3d 583, 585 (6th Cir. 2020). In <u>Thomas</u>, the Sixth Circuit reasoned that because Michigan law defined "delivery" in the same way as federal law defines "distribution"—specifically, that "delivery" and "distribution" are "the actual, constructive, or attempted transfer" of a controlled substance—that prior offenses for delivery of a controlled substance or possession with intent to deliver a controlled

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S MOTION TO ALTER OR AMEND A JUDGMENT [DKT. NO. 26]**

substance qualify as controlled-substance offenses for the purposes of U.S.S.G. § 4B1.2. Id.

Tellingly, in his motion for compassionate release in his criminal case, Dye recently withdrew this same argument in recognition of the Sixth Circuit's rejection of Havis in connection with the Michigan statute for possession with intent to deliver a controlled substance (Case No. 1:14CR11, Dkt. No. 248 at 12, n. 4). Therefore, because intervening case law confirms that Dye qualifies as a career offender under U.S.S.G. § 4B1.2, his request for the Court to alter its denial of his § 2255 motion is without merit. Moreover, any attempted amendment would have been futile and, thus, the Court correctly denied Dye's motion for leave to amend his § 2255 motion as moot.

### III. <u>CONCLUSION</u>

For the reasons discussed, the Court **DENIES** Dye's motion to alter or amend a judgment (Dkt. No. 26).

It is so **ORDERED**.

The Clark **SHALL** transmit this Order to the pro se defendant by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: June 21, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
